# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **COUNTRY CLUB BANK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 23-cv-212 |
| | ) | |
| **UNITED STATES DEPARTMENT** | ) | |
| **OF HOUSING AND URBAN** | ) | |
| **DEVELOPMENT,** | ) | |
| **Serve at:** | ) | |
| U.S. Attorney's Office for the | ) | |
| Western District of Missouri | ) | |
| 400 E. Ninth St., Suite 510 | ) | |
| Kansas City, MO 64109 | ) | |
| | ) | |
| U.S. Department of Housing and | ) | |
| Urban Development | ) | |
| Office of General Counsel | ) | |
| Regional Counsel, Region VII | ) | |
| 400 State Avenue, Gateway Tower II | ) | |
| Kansas City, Kansas 66101-2406 | ) | |
| | ) | |
| **PARADE PARK HOMES, INC.,** | ) | |
| **Serve at:** | ) | |
| Missouri Secretary of State's Office | ) | |
| 600 W. Main Street, Room 322 | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT FOR INTERPLEADER

COMES NOW plaintiff Country Club Bank and, for its cause of action for interpleader, states and alleges as follows:

## INTRODUCTION

County Club Bank files this interpleader action under Fed. R. Civ. P. 22 to have the Court resolve the issue of who is entitled to funds (the "Funds") held in certain deposit accounts (the "Deposit Accounts") at County Club Bank. Defendant Parade Park Homes, Inc. ("Parade Park") is the current accountholder for the Deposit Accounts. Defendant United States Department of Housing and Urban Development ("HUD") claims a right to the Deposit Accounts pursuant to the National Housing Act and a Regulatory Agreement with Parade Park. This dispute between Parade Park and HUD prevents any Funds from being distributed because the Defendants' adverse and conflicting claims may subject Country Club Bank to conflicting and multiple judgments. Country Club Bank seeks this Court's order requiring the Defendants to interplead their respective claims to the Funds.

## THE PARTIES

1. Country Club Bank is a bank chartered under the laws of Missouri, with its principal place of business in Kansas City, Missouri. Country Club Bank is licensed with the Missouri Division of Finance.

2. Defendant HUD is an executive department of the federal government that may be served at (a) U.S. Attorney's Office for the Western District of Missouri, 400 E. Ninth St., Suite 510, Kansas City, MO 64109 and (b) U.S. Department of Housing and Urban Development, Office of General Counsel, Regional Counsel, Region VII, 400 State Avenue, Gateway Tower II, Kansas City, Kansas 66101-2406.

3. Defendant Parade Park is a not-for-profit corporation formed under the laws of Missouri, with its principal place of business in Kansas City, Missouri. Parade Park is no longer

in good standing with the Missouri Secretary of State, so it may be served at Missouri Secretary of State's Office, 600 W. Main Street, Room 322, Jefferson City, MO 65101.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law. Specifically, HUD's claim to the Funds arises under the National Housing Act, 12 U.S.C. § 1701, *et seq.*

5. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1337. *See Ellis v. U.S. Dep't of Hous. & Urb. Dev.*, 551 F.2d 13, 16 (3d Cir. 1977) ("the National Housing Act supports jurisdiction under 28 U.S.C. § 1337 as an act regulating commerce").

6. Venue is proper in the Western District of Missouri pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of property that is the subject of this action is situated in this district.

7. Personal jurisdiction is proper over each defendant as County Club Bank's cause of action arises from defendants making a contract in Missouri, transacting business in Missouri, and asserting competing claims to property located in Missouri. The Court also has personal jurisdiction over Parade Park because its principal place of business is located in Kansas City, Missouri.

## GENERAL ALLEGATIONS

8. The Deposit Accounts at issue include the following accounts at Country Club Bank: accounts ending #2558, #6348, #7648, #8407, and #4150.

9. Currently, the Deposit Accounts have approximately $630,000.

10. Defendants assert conflicting claims to the Deposit Accounts.

11. Upon information and belief, Parade Park is the owner of a certain cooperative dwelling named Parade Park Homes East, located at 1903 A East 15th Terrace, Kansas City, Missouri, FHA Project No. 084-23003 (the "Project").

12. Parade Park opened the Deposit Accounts at Country Club Bank between February 2015 and January 2016.

13. The Deposit Accounts are governed by Country Club Bank's Deposit Account Agreement and Disclosure. A true and accurate copy of the Deposit Account Agreement and Disclosure is attached hereto as Exhibit 1.

14. Upon information and belief, on or about May 23, 2005, HUD and Parade Park entered into a Regulatory Agreement ("Regulatory Agreement") related to the Project, pursuant to the National Housing Act. The Regulatory Agreement was recorded with the Jackson County Register of Deeds on May 23, 2005, Instrument Number 2005K0031816. A true and accurate copy of the Regulatory Agreement is attached hereto as Exhibit 2.

15. Upon information and belief, on or about May 18, 2005, HUD and Parade Park entered into a Use Agreement ("Use Agreement") related to the Project, pursuant to the National Housing Act. The Use Agreement was recorded with the Jackson County Register of Deeds on May 23, 2005, Instrument Number 2005K0031817. A true and accurate copy of the Use Agreement is attached hereto as Exhibit 3.

16. Upon information and belief, on November 28, 2022, HUD took Mortgagee-in-Possession (MIP) in the Project pursuant to the Regulatory Agreement.

17. Upon information and belief, on February 22, 2023, HUD made a demand to Parade Park for the Funds contained in the Deposit Accounts (the "Demand").

18. Upon information and belief, the Demand requested a transfer of all the assets contained in the Deposit Accounts, and any additional accounts related to the Project.

19. Upon information and belief, Parade Park has not consented to a transfer of any Funds in the Deposit Accounts to HUD.

20. Upon information and belief, a conflict still exists between HUD and Parade Park regarding the Funds in the Deposit Accounts.

## **COUNT I** – **INTERPLEADER**

21. Country Club Bank incorporates, as if fully set forth herein, the preceding allegations.

22. Defendants assert conflicting claims to the right to receive Funds from the Deposit Accounts.

23. The claim to be interpleaded is the right to receive now and hereafter the Funds from the Deposit Accounts.

24. Country Club Bank has filed suit to avoid duplicative and unnecessary litigation.

25. All of the claims of Defendants are made without Country Club Bank's collusion with any Defendant.

26. Country Club Bank has no knowledge or information sufficient to enable it to determine the merits of the controversy in relation to the Funds or which of the parties is entitled to the Funds as a matter of law. The above claims to the Funds are conflicting and Country Club Bank is unable to determine which of the respective claims is valid, or who, if anyone, is entitled to the Funds, without risking double or multiple liability.

5

KC 20099581.1

Case 4:23-cv-00212-HFS   Document 1   Filed 03/29/23   Page 5 of 8

27. Country Club Bank is entitled to fees from the Funds pursuant to section XXXI of the Deposit Account Agreement and Disclosure, which provides: "You agree to be liable to us, to the extent permitted by law, for any Costs that we may incur as a result of any dispute or legal proceeding involving your Account. You authorize us to deduct any such Costs from your Account without prior notice to you or to bill you separately. This obligation includes disputes between you and us involving your Account and situations where we become involved in disputes between you and an authorized signer, a joint owner, or a third party claiming interest in your Account." "Costs" are defined in the Deposit Account Agreement and Disclosure as "all losses, costs, damages, fees, fines, expenses and other liabilities we incur (including, without limitation, attorneys' fees and the costs and expenses of collection, litigation, arbitration or other dispute resolution (whether at trial or on appeal) to the extent permitted by law and regardless of whether initiated by you, by us, or by a third party)."

28. With the exception of the recovery of its fees and costs, including lien rights for such fees and costs, Country Club Bank does not claim any interest in the Funds, and it has at all times been willing to pay the Funds to such persons as should lawfully be entitled to receive them and to whom Country Club Bank could safely and without hazard deliver them.

29. Defendants' adverse and conflicting claims may subject Country Club Bank to conflicting and multiple judgments, and Country Club Bank has no means other than the interpleader action to address this risk.

30. Country Club Bank will deposit the Funds with the Court or distribute the funds to whomever is entitled to such payments, as directed by this Court.

KC 20099581.1

31. Country Club Bank has incurred, and will incur, costs and attorneys' fees in connection with the dispute related to the Deposit Accounts.

WHEREFORE, Country Club Bank respectfully requests that:

(a) This Court enter an order requiring Defendants to interplead and litigate their competing claims to the above-described Deposit Accounts;

(b) This Court enter an order authorizing and directing Country Club Bank to pay the Funds into the registry of the Court or hold the Funds at the bank pending resolution of this action and further instructions on distribution from the Court;

(c) This Court enter an order releasing Country Club Bank from all liability to all Defendants with respect to the above-described Funds;

(d) This Court enter an order restraining Defendants, until further order from this Court, from (i) instituting or prosecuting any other proceeding in any court seeking in any manner to recover any Funds that are now in possession of Country Club Bank, (ii) instituting or prosecuting any other proceeding in any court seeking in any manner to recover from Country Club Bank any damages for failure of Country Club Bank to deliver the Funds to any Defendant, or (iii) taking any action to make demand on Country Club Bank for any of the Funds;

(e) This Court enter an order awarding Country Club Bank its costs and fees, including its reasonable attorneys' fees, and authorizing and directing that the costs and fees incurred by Country Club Bank in this cause be paid out of the above-mentioned Funds; and

(f) This Court enter an order awarding Country Club Bank such other and further relief as this Court deems just and proper.

Respectfully submitted,

SPENCER FANE LLP

/s/ Kersten L. Holzhueter
Kersten Holzhueter, MO #62962
SPENCER FANE LLP
1000 Walnut Street, Suite 1400
Kansas City, Missouri 64106-2140
(816) 474-8100
(816) 474-3216 (facsimile)
kholzhueter@spencerfane.com

Attorney for Country Club Bank.

8

KC 20099581.1